### No. 2835.

STATE OF LOUISIANA ex rel. GEORGE W. SADDLER *v.* J. O. LANDRY and W. S. MOUNT, CITY OF NEW ORLEANS.

The jurisdiction of justices of the peace for the parish of Orleans is conferred by section 2074, page 414, Ray's Revised Statutes. It is confined to civil matters, and there is no other law conferring upon them criminal jurisdiction.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Brice & Mitchell* for plaintiff and appellee. *J. R. Beckwith*, City Attorney, for appellant and defendant.

Justices concurring: Ludeling, Taliaferro, Howell, Wyly, Kennard.

KENNARD, J. Relator seeks to recover from the city of New Orleans fourteen hundred and thirty-five dollars and forty-two cents for fees and costs accruing in sundry criminal suits instituted before him while he was the First Justice of the Peace for the parish of Orleans.

State ex rel. Saddler v. Landry and Mount, City of New Orleans.

The jurisdiction of justices of the peace for the parish of Orleans is conferred by section 2074, p. 414, Ray's Revised Statutes, in these words: "Justices of the peace for the parish of Orleans, except as hereafter provided, shall have power to hear and determine all civil causes when the amount in dispute does not exceed one hundred dollars, exclusive of interest and costs. Their jurisdiction shall be concurrent and shall extend over the parish of Orleans, with the exception of that portion which lies on the right bank of the Mississippi river.

"They shall also be empowered, and it shall be their duty to issue marriage licenses when legally required in accordance with existing laws; to keep a record of the same and to celebrate marriages, of which they shall also keep a record, and it shall be the duty of the justices to deliver the said record to their successors in office."

We find no mention of criminal matters in this section and no other law conferring criminal jurisdiction upon justices of the peace in the parish of Orleans.

Relator was therefore without authority to render the services for which he claims compensation and can n,t recover.

Let the judgment appealed from be avoided and reversed at relator's costs, and let judgment be entered for respondent, dismissing relator's claim.